# CITY COURT OF BROOKLYN.

## JOHN D. CONLEY agt. JOHN PETRIE *et al.*

*Referee— When order of reference made upon consent will be vacated and a new referee substituted.*

Where two causes against the same defendants were referred by consent and the referee had heard and determined the first in favor of the plaintiff, a number of questions involved in the second cause being also involved in the first case; on motion by defendants:

*Held,* that the order of reference should bo vacated and a new referee substituted.

*Special Term, July,* 1880.

THIS was a motion to vacate an order of reference made upon consent and to substitute a new referee, upon the grounds that the referee had tried a case wherein the present plaintiff's brother and agent was plaintiff, and these defendants were defendants, and that a number of questions involved herein were involved in the first case, and that inasmuch as the referee had once passed upon the questions of fact, he was therefore disqualified.

The same witnesses were required in both cases.

*Chas. G. Cronin,* for the motion.

I. This is not an usual motion. The position of the defendants is a familiar one. No party should be required to enter upon the trial of an issue feeling that he has to overcome the preconceived opinion of the tribunal before whom he appears (*Schermerhorn* agt. *Van Allen,* 13 *How.,* 82).

II. A referee stands in the same position as a jury and is subject to the same objection on the score of prepossession as would be urged against a juror on the second trial of the same case (*Billings* agt. *Van Derbeck,* 15 *How.,* 297).

III. The defeated parties enter upon the second trial of a cause before the same referee with his views and prejudices all against them. He has seen and heard the parties and their witnesses and found his estimate of their credibility and of the force and effect of their evidence (*Sharp* agt. *The Mayor, &c.,* 19 *How.,* 198). We should not be compelled to overcome the impressions made upon the mind of the referee by what has already taken place in the other cause.

*Harrington Putnam,* opposed.

NEILSON, *Ch. J.* — This cause and another against the defendants were referred to C. P., Esq., by consent. The other cause has been tried by the referee and decided in favor of the plaintiff therein. The defendants now move to have another referee appointed in the place and stead of Mr. P., and it appears that while the actions are not for the same claims, there is such intimate relations as to justify the suggestion that of necessity the referee would go into the trial of this action with impressions, if not convictions, derived from the other hearing, touching some points yet to be litigated.

The application is not novel nor does it in any degree proceed upon the notion that the referee would not seek to do justice between the parties. It would be hard, under the circumstances, to deny the application and I feel constrained to grant it.

An order vacating the existing order of reference will be entered.