(30 Misc. Rep. 510.)

## CALDWELL v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term, New York County.   February, 1900.)

1. REFEREE—SIMILAR CASES BETWEEN SAME PARTIES—CONTINUANCE.

   Where two actions between the same parties are referred to the same referee, and the same witnesses and similar questions of law are involved in both cases, and a hearing has been had on one, it is error for the referee to continue the second cause till the former shall be decided on appeal.

2. SAME—REMOVAL.

   Two actions between the same parties, where the witnesses are the same and the legal questions are similar, were sent to an agreed referee for trial.   One cause was heard, in which there was conflicting testimony; and the referee made a finding in which he discredited certain evidence, charged bad faith to defendant in one defense, and made findings of law adverse to him.   *Held*, that a new referee might be appointed on terms, as the former referee's decision in the latter case might be biased by the former.

Action by Dimont M. Caldwell against the Mutual Reserve Fund Life Association.   Motion for an order staying a hearing before a referee, or that the reference be vacated.   Reference vacated.

Parker & Aaron, for plaintiff.
Vernon M. Davis, for defendant.

BEEKMAN, J.   About June, 1894, two actions were begun by the plaintiff against the defendant.   Issue having been joined, a stipulation in writing was entered into in each case by the attorneys for both sides consenting that the same be referred to a referee, whom they named, to hear and determine the same.   The referee so selected was the same in both cases, and orders of reference were entered accordingly.   The actions were brought to recover commissions or compensation claimed by the plaintiff to be due and payable under certain contracts alleged to have been made between himself and the defendant.   In one action, which will be styled "Action No. 1," the contract related to services of the plaintiff as manager of a branch of the defendant's business in Great Britain, styled "The Liverpool Department."   The other action, called "Action No. 2," in which this motion is made, related to services of the plaintiff in the solicitation and securing of insurance elsewhere for the defendant, and in the performance of other duties.   Action No. 1 has been tried, and judgment awarded to the plaintiff upon closely-contested questions of fact, which, as the opinion of the referee shows, necessarily involved the determination of the credibility of the witnesses who testified on the trial.   An appeal, as yet unheard, has been taken by the defendant from said judgment.   When that case had been submitted to the referee, this action was noticed for trial before him, and the first hearing took place on October 17, 1899.   On the 27th day of November the referee signed his decision in the former case.   Thereafter nothing was done in the way of taking proof in this case, but a motion was made before him by the attorney for defendant for an adjournment of some length, the precise grounds for which are not stated in the papers.   It may be inferred, however, that the adjournment sought

was until the appeal in action No. 1 had been decided. This seems to have been denied. On December 7th, some suggestion was made (though what, it was does not appear) which led the referee to make the following statement:

"You will understand, of course, that my very great preference in this case would be, and is now, that you gentlemen should select some referee other than myself to try this present case. It would be a great obligation to me. I will consider it a great kindness if you will. I also consider that counsel on both sides labor under a considerable disadvantage in trying a case before the same court which has decided another case involving some of the same questions. It is embarrassing to the court. It is embarrassing to the counsel for the plaintiff as well as to the counsel for the defendant. And, if you gentlemen can agree upon another referee, I will cheerfully surrender any fees that I have earned in this matter, in order that you should do so."

Apparently no action was taken in pursuance of this suggestion, but shortly afterwards this motion was noticed for an order staying the trial herein until the hearing and determination of the appeal in action No. 1, or that the order of reference be vacated. The defendant is clearly not entitled to the stay asked for. There is no such relation between the two actions that the defendant can suffer any injustice or prejudice in proceeding with the trial of this cause while the appeal in the other case is pending, whatever the ultimate decision of the appellate division upon such appeal may be.

I am thus brought to a consideration of the other branch of the motion, namely, that the order of reference be vacated. The defendant's counsel urges as a ground for this application that the referee in deciding action No. 1 has discredited the witnesses who testified there on behalf of the defendant, that these witnesses will be necessary ones for the defendant on the trial of action No. 2, and that it is probable that some of the same questions of fact upon which the referee has already found adversely to the defendant will again come up for determination in this action. It is also claimed that the referee has, in his opinion, distinctly charged the defendant, through its officers, with bad faith in interposing the chief defense in the action, and that it was known by them to be unfounded when it was pleaded. In view of all this, it is urged that the defendant should not be required to proceed with the trial in this case before a referee who has formed a deliberate judgment adverse to the integrity and credibility of the defendant's officers and other persons who are likely to be witnesses in this action. I have read the elaborate opinion of the referee in action No. 1. It is in all respects unexceptionable in tone. It contains nothing which it was not entirely proper for a judge to say in giving his reasons for the judgment which he orders. It discusses the evidence point by point, weighs it, and states the reasons which led him to the formation of the opinion which he expresses. In short, it is a full, frank, and fair disclosure of the operation of his mind in the process of settling the facts upon which his decision rests. It is the fact, however, that he has questioned the veracity of many of defendant's witnesses, and that he has characterized one of the defenses interposed by the defendant (namely, that the contract sued upon had been surrendered to the company by the plaintiff), not only as unfounded, but also in terms which necessarily import that it was

known to be false when it was pleaded, and was manufactured to meet the exigencies of the case. There is not the slightest suggestion made or intimated adverse to the integrity or propriety of conduct of the learned referee, who is a lawyer of ability, high standing, and spotless reputation. The only question, then, is whether, considering these judicially formed opinions adverse to the defendant and its witnesses, some, if not all, of whom are expected to testify in this case, the ends of justice would not be better served by a trial of this action before some other judicial officer or tribunal. The drift of judicial opinion seems to support, in a general way, the affirmative of this proposition. In the case of In re Bliss, 39 Hun, 594, a referee had been appointed by the court in certain habeas córpus proceedings instituted by the husband against his wife to obtain the custody of their infant child. The referee thus appointed had previously acted in that capacity in an action which had been brought by the husband against the wife for a divorce, and had reported against her, on the ground of her adultery. A motion was made on this ground that another referee in the habeas corpus proceeding should be substituted, which was denied at special term. On appeal to the general term the order below was reversed, and the motion granted. In giving the opinion of the court, Mr. Justice Daniels says (page 595):

"How far this subject will be open for reconsideration before the referee in the habeas corpus proceeding, it is not necessary now to decide, but it must be evident from the decision which has been made in the action in the court of common pleas that her conduct has already been made the subject of adverse decision by the referee. Probably he would be able to devest himself of all the influence of that decision over his mind, in the hearing and disposition of the present reference, but it is not certain by any means that he could do so. That he would endeavor so to do, as a high-minded, reputable member of the legal profession, is without doubt; but still, with all his exertions to accomplish that end, the present decision made by him may yet have an important influence over his mind, in determining the effect of the evidence which will be submitted under the order in this proceeding; and to that risk the wife, claiming the custody of the infant, should not be subjected. She should, for the hearing and disposition of the proceeding, have it presented to a person whose mind is entirely free and unaffected by any preceding hearing, bringing in question the effect of the evidence which may again be taken in the course of the present reference."

Although the referee had been consented to by the counsel for the wife, understanding that the issue in the action was already before him, this was not considered an objection to granting the motion. In the case of Conley v. Petrie, 60 How. Prac. 299, a like motion was made and granted in the city court of Brooklyn, where the facts were quite similar to those presented here. The opinion, given by Neilson, C. J., was as follows:

"This cause and another against the defendant were referred to C. P., Esq., by consent. The other cause has been tried by the referee, and decided in favor of the plaintiff therein. The defendants now move to have another referee appointed in the place and stead of Mr. P., and it appears that, while the actions are not for the same claims, there are such intimate relations as to justify the suggestion that of necessity the referee would go into the trial of this action with impressions, if not convictions, derived from the other hearing, touching some points yet to be litigated. The application is not novel, nor does it in any degree proceed upon the notion that the referee would not seek to do justice between the parties. It would be hard, under the circumstances, to deny the application, and I feel constrained to grant it."

I confess that it would be difficult—even were it desirable to do so, which it certainly is not—to lay down a fixed rule which should be a guide in disposing of such applications. Outside of cases where the ground is misconduct or impropriety of conduct on the part of the referee, the motion is one largely addressed to the discretion of the court, upon a consideration of all the facts of each case as they present themselves. In the case at bar there can be no assurance that the trial of the action before the present referee will be prejudicial to the defendant, and it is only for the reason that he might possibly be unable to devest himself of prepossessions against the defendant or its witnesses, founded upon evidence taken in the other action, that the contention of the defendant here has any persuasive force. The weight of the argument rests upon the solicitude of the law that tribunals of justice should be not only impartial in fact between litigants, but that they should also be free from any reasonable ground for imputation of bias. It is true that there is no rule of law which forbids the retrial of a cause, after a reversal, before the same justice at special term who tried and decided it in the first instance. It is also true that where a cause has been tried before a referee, and his judgment has been reversed, the Code requires the appellate court to send it back for a new trial before another referee. The two cases suggest a difference of treatment, due rather to reasons of convenience than otherwise. At all events, the requirement of the Code, above mentioned, in the case of trials before referees, illustrates in a general way the trend of public policy with respect to the matter under discussion. While, therefore, it cannot be said in such a case as this, and in kindred cases, that a party comes before the court in the condition of one entitled to the relief asked for as a matter of right, there seems to be little room for doubt that the court may entertain the application as a matter of discretion. Without further discussing the facts in this case, which have been already sufficiently set forth, I have come to the conclusion that it would be a proper exercise of discretion to grant the motion. But at the same time neither the referee nor the plaintiff should be subjected to any avoidable hardship by reason of this course. The referee's fees which accrued should be paid, and the plaintiff should not be subjected to the long delay which must ensue should he be compelled to place the cause on the calendar and await its slow progress towards a trial. The granting of the motion, then, must be on condition (1) that the defendant renews his stipulation for a trial of the issues before a referee to be agreed upon by the parties, or, if that be found impossible, before one to be selected by the court; (2) that the fees of the referee be paid. If these conditions are not accepted, the motion will be denied. Ordered accordingly.